## W. H. Sinnett *v.* Susan Haynes.

**Husband and Wife—Sale of Trust Property—Estoppel of Wife.**

Where, in a suit by a husband holding property in trust for his wife and children, the wife answered, upon private examination, and consented to the sale, she can not afterwards disregard the sale and recover the property.

APPEAL FROM DAVIESS CIRCUIT COURT.

April 1, 1874.

OPINION BY JUDGE LINDSAY:

However irregular the initiatory proceedings instituted by Thos. B. Haynes to sell the trust estate held by him for his wife and children may have been, the supplemental petition filed by him as guardian and trustee, and the proceedings thereunder resulting in the decretal sale at which Sinnett purchased, had the effect of divesting the appellee, Susan Haynes, of her life estate in the realty.

The petition was filed by her husband. It set forth her evidence of title, her interest in the lands, and that a sale thereof would redound to her interest. She answered upon privy examination, and consented to the proposed sale. All parties interested were made parties. There being no donor, the provision requiring him or his personal representative to be made a party, was necessarily dispensed with.

The three commissioners appointed by the court reported that the sale would redound to the interest of Mrs. Haynes; and before the decree was entered, a conveyance was executed in accordance with the provisions of Subsec. 7, Sec. 1, Art. 5, Chap. 86, Rev. Stat. The only defect perceived in the entire proceeding is the failure of the husband to verify the petition. This defect does not render the sale of the wife's interest in the land void.

The estate held by her was a general estate, and might have been sold and conveyed by herself and husband without the aid of the chancellor. Hence, the conveyance decreed by the court must be, regarded as taking the place of the deed; and the husband and wife had full and complete power to execute and deliver without any judicial sanction. The proceedings were sufficiently regular to divest the husband of his title; and the consent upon the privy examination that the sale and conveyance should be made, places the wife in the same attitude she would have occupied had she joined with her husband in the petition for the sale, or joined with him in a conveyance executed out of court. The sale was in effect a sale decreed by the chancellor upon the prayer of the wife; and the property sold was such as she, in conjunction with her husband, had the right to sell. To allow her now to disregard this sale and reclaim the property, would be to hold that the court was a medium, through which a married woman, upon her own application, was permitted to practice a most outrageous fraud. The courts of the country can be used for no such purpose, either by *feme covert* or infants. It results, therefore, that appellants are at least invested with the life estate of Mrs. Haynes, and that until this estate shall be terminated, the remaindermen have no cause of action.

We do not intimate an opinion as to whether appellants have secured the title of these remaindermen; that question cannot properly be adjudicated until the time arrives at which they can sue.

The judgment of the circuit court is reversed and the cause remanded with instructions to dismiss appellee's petition, the dismissal as to the remaindermen to be without prejudice.

*Sweeney, Stuart, for appellant.*

*Ray, Walker, for appellee.*